**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRUCE MAX DAVIS, an individual; BLINDSIDE ENTERTAINMENT, LLC, a Delaware limited partnership; GLOBAL DATA REVENUE, INC.; KINMAN GROWTH MUSIC PUBLISHING; HEATHER AZURE KIRKBRIDE, an individual, <br><br>        Plaintiffs - Appellants, <br><br>  v. <br><br>AT&T WIRELESS SERVICES, INC., a Delaware Corporation; Erroneously Sued as AT&T Mobility, LLC; CELLCO PARTNERSHIP, a New Jersey Corporation, DBA Verizon Wireless; SPRINT SPECTRUM LP, a Delaware limited partnership; T-MOBILE USA, INC.; TRACFONE WIRELESS, INC., a Delaware Corporation, <br><br>        Defendants - Appellees. | No. 12-55985 <br><br> DC No. 11 cv-2674 DDP <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted April 10, 2014
Pasadena, California

Before:     TASHIMA, N.R. SMITH, and MURGUIA, Circuit Judges.

Plaintiffs appeal from the district court's judgment of dismissal. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     The district court did not err in dismissing Plaintiffs' federal antitrust claims. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 911 (9th Cir. 2012) (en banc). Plaintiffs failed to allege that Plaintiffs and Defendants are participants in the same multimedia messaging services ("MMS") market in which Plaintiffs' injury allegedly occurred. Plaintiffs therefore failed to state a claim for which relief can be granted. *See Glen Holly Entm't Inc. v. Tektronix Inc.*, 352 F.3d 367, 372 (9th Cir. 2003).

2.     Plaintiffs waived any challenge to the dismissal of their state law claims, because they failed to brief or argue in the district court that these claims could survive independently of their federal antitrust claims. *See Serv. Emps. Int'l Union v. Nat'l Union of Healthcare Workers*, 598 F.3d 1061, 1073 n.8 (9th Cir. 2010).

3.     The district court did not abuse its discretion in denying Plaintiffs a third opportunity to state a claim. *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124,

1133 (9th Cir. 2013).  Plaintiffs point to no additional facts that they might allege to save their complaint.  *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008).  Nor could they when their own pleading affirmatively alleges that the MMS market is merely a pipeline or dedicated conduit.

**AFFIRMED.**